IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN MENSAH-YAWSON, | : | Civil No. 3:16-cv-200 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CRAIG LOWE, et al., | : | |
| Respondents | : | |

## MEMORANDUM

On February 5, 2016, Petitioner, Steven Mensah-Yawson, a native and citizen of Ghana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking a release from custody. (Doc. 1, pp. 1, 7-11) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (Doc. 1).

On July 11, 2016, Respondents filed a suggestion of mootness stating that Petitioner was removed from the United States on June 21, 2016. (Doc. 15, Exhibit 1, Warrant of Removal). Respondents argue that the habeas petition is therefore moot. (Doc. 15, p. 2) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If

developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). For the reasons set forth below, the habeas petition will be dismissed as moot.

I. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (Jones, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing

case or controversy. See *Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody and removed from the United States. See *Sanchez v. AG*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot.

An appropriate Order shall issue.

Date: July ___, 2016

Robert D. Mariani
United States District Judge